FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2007 OCT 25 AM 10: 44
CLERK_____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| MICHAEL J. STEPHENS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES GOVERNMENT; ) <br> INTERNAL REVENUE SERVICE; ) <br> T.E. FENDERSON, No. 58-05723; ) <br> and TERRENCE MOORE, ) <br> No. 58-07636, ) <br> ) <br> Defendants. ) | Case No. CV407-152 |

## REPORT AND RECOMMENDATION

Before the Court is defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, 12(b)(1) for lack of subject matter jurisdiction, and 4(i) and (m) for insufficiency of service of process. Doc. 10. Plaintiff has filed a timely response to this motion. Doc. 11.

### I. BACKGROUND

This case arises from an alleged over-assessment of taxes by the Internal Revenue Service (IRS). Doc. 1 at 1. Plaintiff, a trucker, claims

that as an "owner-operator" of his truck, he should fall under a special discount, limiting his exposure to the general yearly excise tax imposed by 26 U.S.C. § 4481 upon vehicles with a gross weight of over 55,000 pounds. Doc. 1. Plaintiff paid the $550 required by the statute under protest for the period of July 1, 2005 through June 1, 2006. Doc. 1 at 1-2. He then filed an administrative claim seeking $100,000 in damages and the termination of the IRS employee with whom he dealt. Doc. 10 at 2. The IRS denied his claim. Id.

After the administrative claim was denied, plaintiff brought suit under several sections of the Internal Revenue Code (IRC), 26 U.S.C. §§ 7433, 7214, 7804, asserting that he should only owe $240 under his interpretation of the statute. Doc. 1 at 2. He therefore seeks $310 in overpayment, plus interest, monthly penalties, a filing fee of $350, and a "consultant fee" of $10,000. Id. at 4-5. He also seeks $10,000 from two IRS employees, and he asks that they be criminally prosecuted. Id.

## II. ANALYSIS

### A. Claims Against Individual Officers

Plaintiff has filed suit against the United States and certain

individual officers under three IRC sections: §§ 7433, 7214, and 7804. Only 26 U.S.C. § 7433 explicitly provides a civil cause of action. Section 7214 is a criminal statute, which does not provide for a private cause of action. Ishler v. C.I.R., 442 F. Supp. 2d 1189, 1204 (N.D. Ala. 2006); Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007) ("26 U.S.C. § 7213 . . . do[es] not provide for a private right of action and [is] thus not enforceable through a civil action"); see United States v. Claflin, 97 U.S. 546, 547 (1878). Section 7804 likewise fails to provide a private right of action. Hendrix v. Snow, 170 F. App'x 68, 81 (11th Cir. 2006). Accordingly, the Court looks solely to § 7433 in analyzing plaintiff's claim.

Section 7433(a) only permits civil suit against the United States, not against its officers individually. Knight v. United States, 2000 WL 702630, at *5 n.6 (S.D. Ga. Mar. 21, 2000); see Brewer v. Comm'r, Internal Revenue, 435 F. Supp. 2d 1174, 1177 (S.D. Ala. 2006) (holding that § 7433(a) does not create a Bivens action against IRS agents for collection of taxes); Rosado v. Curtis, 885 F. Supp. 1538, 1542-43 (M.D. Fla. 1995). As no cause of action in plaintiff's complaint permits suit against the individual officers, each of the individual defendants named in the

3

complaint should be **DISMISSED**.[1]

### B. Claims Against the United States

When considering a Rule 12(b)(6) motion, the court must examine the complaint in the light most favorable to the nonmoving party, accepting the plaintiff's factual allegations as true and drawing all reasonable inferences in plaintiff's favor. White v. Lemacks, 183 F.3d 1253, 1255 (11th Cir. 1999); Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997), rev'd on other grounds, 526 U.S. 629 (1999). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted). A pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all

---

[1] Defendants assert that plaintiff failed to serve the complaint upon the individual defendants. Doc. 10 at 5. As plaintiff failed to respond to this alleged failure to perfect service, the individual defendants are also **DISMISSED** pursuant to Federal Rule of Civil Procedure 4(i) and (m).

4

the allegations in the complaint allegations are true (even if doubtful in fact)." Id. at 1965 (citations omitted). A complaint must have "enough facts to state a claim to relief that is plausible on its face"; if it does not "nudge[] the[] claims across the line from conceivable to plausible, [it] must be dismissed." Id. at 1974. "As a general rule, conclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss." S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996). Pleadings by *pro se* litigants like plaintiff, however, are generally held to less stringent standards than formal pleadings drafted by a trained attorney and are construed more liberally in resolving a motion to dismiss. Sanders v. United States, 113 F.3d 184, 187 (11th Cir. 1997); Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990).

In order to successfully state a claim under § 7433, a plaintiff must show that (1) in connection with collection of taxes from a taxpayer, (2) an IRS officer or employee (3) recklessly, intentionally or negligently disregarded a provision of the IRC. Plaintiff cannot show the third element. Plaintiff argues that he has made the required showing by alleging that defendants over-assessed the excise tax under § 4481. Doc.

5

11 at 2. To reach this result, he ignores the statute currently in force, turning instead to the statutory history. Id. He argues that an amendment made in 1983 still applies, permitting him a "small owner-operator" tax break. Id. Congress created the discount in the Highway Improvement Act of 1982, Pub. L. No. 97-424, § 513(f) (1983). Plaintiff's argument rests upon a section of the Act relating to its effective date:

> (f) Effective Date.--,
> (1) In general.-Except as otherwise provided in this subsection, the amendments made by this section 26 USC 4481 shall take effect on July 1, 1984.
> (2) Special rule in the case of certain owner-operators.--,
> (A) In general.-In the case of a small owner-operator, paragraph (1) of this subsection and paragraph (2) of section 4481(a) of the Internal Revenue Code of 1954 (as added by this section) shall be applied by substituting for each date contained in such paragraphs a date which is 1 year after the date so contained.

Id. He argues that the Act "clearly shows [the owner-operator discount] is to continue from year to year by changing the date to 1 year after the date so contained." Doc. 11 at 2. This section does nothing of the sort--it merely changed the dates in the statute at the time of amendment. Furthermore, the Deficit Reduction Act of 1984, Pub. L. No. 98-369, § 901(b)(1) (1984), explicitly amended the statute to state that the discount

is a "SPECIAL RULE FOR [the] TAXABLE PERIOD BEGINNING ON JULY 1, 1984." Plaintiff's contention, therefore, is entirely without merit.

Taking all of plaintiff's assertions as true, he cannot show that an IRS officer or employee disregarded the IRC in assessing the vehicle excise tax. He therefore fails to state a claim under § 7433.

## III. CONCLUSION

For all of the above reasons, defendants' motion to dismiss plaintiff's complaint for failure to state a claim for relief should be **GRANTED**.

**SO REPORTED AND RECOMMENDED** this 25th day of October, 2007.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA